UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLEY J. BRAND,

        Plaintiff,

v.                                                                   Case No. 18-C-326

JEAN ZATE, et al.,

        Defendants.

## SCREENING ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Plaintiff has filed a complaint and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. The Court has reviewed the affidavit submitted in support of the motion and, although it appears to be somewhat incomplete, concludes based on what was provided that plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, her petition to proceed *in forma pauperis* is **GRANTED**.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, or without the assistance of counsel, serves the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims. In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## BACKGROUND

Brand's complaint arises from the removal of her son from her guardianship in the Langlade County Circuit Court in 2016. She that these seven defendants were involved in removing her guardianship over her son from her, including Langlade County Judge John B. Rhode, her public

2

defender Jessica Schuster, and the guardian ad litem, Deborah Ratfield. As a remedy, she would like her guardianship reinstated and all of the defendants fired from their jobs.

**ANALYSIS**

Even reading Brand's complaint liberally, as I must do at this stage because she is proceeding without assistant of counsel, Brand has failed to state a claim over which this court has jurisdiction. Federal courts are courts of limited jurisdiction, which means they can hear and decide only the kinds of cases that the Constitution and Congress authorize them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Brand's guardianship case is not the kind of case this court can hear. The Supreme Court has held that federal courts lack jurisdiction over domestic relations cases where the relief sought would "involve the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "This 'domestic relations' exception to subject matter jurisdiction applies to such cases even when constitutional claims are involved." *Adam v. Frantz*, No. 02-C-0053-C, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995)).

It is unclear whether the guardianship proceedings are still on-going or whether they have been completed. Regardless, this court lacks jurisdiction to review Brand's state court guardianship proceedings. To the extent that Brand's guardianship proceedings are over, the *Rooker-Feldman* doctrine precludes a federal court from reviewing a state court judgment. *See Carr v. Spencer*, 13 F. App'x 296, 297–98 (6th Cir. 2001) (citations omitted). Under the *Rooker-Feldman* doctrine, lower federal courts lack the subject matter jurisdiction to review state court judgments or claims that are inextricably intertwined with matters previously determined in a state court decision. *See*

3

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). *Rooker-Feldman* deprives federal courts of jurisdiction because "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (Marshall, J., concurring). A party may not relitigate matters raised in prior state court proceedings even if the federal court is convinced that the state court's decision was unreasonable, in error, or contrary to the law. *See Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001). Thus, the pertinent question is "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Rizzo*, 266 F.3d at 713 (quotations omitted). Brand's injury is the removal of her guardianship over her son. This is inextricably intertwined with her state court proceedings, and is explicitly barred by the *Rooker-Feldman* doctrine.

Furthermore, to the extent that Brand's guardianship proceedings are still ongoing, this court must abstain from interfering with a state court's proceedings under the abstention principle of *Younger v. Harris*, 401 U.S. 37 (1971); *see also Wattie-Bey v. Attorney General's Office*, 424 F. App'x 95, 96 (3d Cir. 2011)(applying *Younger* to bar plaintiff's request for injunctive relief in an on-going state child custody proceeding); *Johnson v. Byrd*, No. 1:16cv1052, 2016 WL 6839410, at *7–9 (M.D.N.C. Nov. 21, 2016) (holding similarly). The United States Supreme Court has emphasized that "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In *Middlesex*, the Supreme Court explained that under the *Younger* doctrine a district court must abstain from

4

enjoining ongoing state proceedings that "(1) are judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Parejko v. Dunn Circuit Court*, 209 F. App'x 545, 546 (7th Cir. 2006) (citing *Middlesex Cty. Ethics Comm.*, 547 U.S. at 437).

Applying *Middlesex*, this court must abstain. First, guardianship proceedings are judicial in nature. *Adam*, 2002 WL 32341816, at *4.; *see also* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "judicial proceeding" as "any proceeding authorized by law and instituted in a court or tribunal to acquire a right or to enforce a remedy"). Second, a child custody proceeding implicates important state interests in domestic relations and child custody. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that "[f]amily relations are a traditional area of state concern"); *Parejko*, 209 F. App'x at 546. Third, the state court provides an adequate opportunity for the plaintiff to present his constitutional claims. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("state courts are just as able to enforce federal constitutional rights as federal courts"); *Parejko*, 209 F. App'x at 546–47 . Brand has not alleged any constitutional claims, let alone that she is prevented from bringing them during her guardianship proceedings at the state court.

Lastly, Brand's complaint does not fall within any of the recognized exceptions to the *Younger* doctrine. *See Parejko*, 209 F. App'x at 547 (explaining that *Younger* exceptions include circumstance where ongoing state proceedings were motivated by a desire to harass or were being conducted in bad faith, or where the plaintiff has demonstrated an "extraordinarily pressing need for immediate equitable relief"). Brand's complaint does not identify who or when guardianship proceedings were started. Furthermore, Brand has not alleged that she has an "extraordinarily

pressing need for immediate equitable relief." *See Moore*, 442 U.S. at 434–35 (explaining that a child custody order does not create *per se* a great, immediate, and irreparable harm that would warrant federal court intervention, especially where the state is capable of "accommodating the various interests and deciding the constitutional questions that may arise in child-welfare jurisdiction."); *see also Adam*, 2002 WL 32341816, at *5. *Younger* thus dictates that this court must abstain from interfering with any of Brand's ongoing state child custody proceedings.

For all of the foregoing reasons, the court lacks jurisdiction to hear Brand's claims to review her state court guardianship proceeding. Brand fails to state a claim over which this court would have jurisdiction. Brand's complaint must therefore be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

**IT IS FURTHER ORDERED** this action is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim.

Dated this   15th   day of March, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
