UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLEY J. BRAND,

    Plaintiff-Appellant,

v.                                        USDC Case No. 18-C-326

                                              USCA Case No. 18-1640

JEAN ZATE, et al.,

    Defendants-Appellees.

## ORDER

Plaintiff Kelley Brand, representing herself, brought a civil action in this court challenging the removal of her guardianship over her son in state court. On March 15, 2018, Brand was granted leave to proceed *in forma pauperis*, but in the same order her case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. On the same day, judgment was entered dismissing the action. Brand appealed, and currently before the court is the determination of whether her appeal is in good faith.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d

215, 219–20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

Brand's complaint alleged that seven defendants, including Langlade County Judge John B. Rhode, her public defender Jessica Schuster, and the guardian ad litem Deborah Ratfield, were responsible for removing her guardianship over her son from her. She asked the court to reinstate her guardianship and fire the defendants from their jobs. Brand's complaint was dismissed because the court does not have jurisdiction to hear it. To the extent that her son's guardianship proceedings had been completed, the court was barred by the *Rooker-Feldman* doctrine from reviewing a state court judgment. To the extent that her son's guardianship proceedings were still on-going, the court was barred by the *Younger* abstention doctrine.

Brand now states that she is appealing because she "didn't expect to have to deliver the whole story in writing before the court hearing was even heard." ECF No. 7. She asserts that it was a crime to remove her as guardian without notice of the hearings, yet it appears from her complaint that she was present at the final hearing. Regardless, her most recent factual allegations were not contained in her original complaint, and are therefore not properly brought before this court. More importantly, if she was deprived of a statutory or constitutional procedural protection by the state trial judge, her remedy is an appeal to the Wisconsin Court of Appeals. There is no indication in Brand's original complaint or later filings that she filed an appeal.

In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d at 1026. After reviewing the plaintiff's claims in light of *Lee*, I cannot currently certify that her appeal from my dismissal of her case is in good faith. This is not to say that Brand is subjectively attempting to act in bad faith. Rather, it is to say that no reasonable person could read Brand's complaint and find that this court could hear her claims. As mentioned in the screening order, federal courts are courts of limited jurisdiction; therefore, federal courts can only hear the kinds of cases that the Constitution and Congress authorize them to hear. And federal district courts are not authorized review state guardianship proceedings, which is what Brand is requesting. For these reasons, I certify that Brand's appeal is not one that is being taken in good faith. Her petition to proceed on appeal in forma pauperis is therefore denied.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's *in forma pauperis* on appeal is hereby **DENIED** because this court certifies that such appeal has been taken in **BAD FAITH.**

**IT IS FURTHER ORDERED** that Plaintiff must either forward to the Clerk of Court the full filing fee of **$505** or file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk shall send a copy of this order to the Clerk of the Seventh Circuit Court of Appeals.

Dated at Green Bay, Wisconsin this   27th   day of March, 2018.

BY THE COURT:

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
